**Barbara SHAFRAN, Howard C. Steinberg and Chaya Fishman, Plaintiffs,**

v.

**COLONIAL NATIONAL BANK, USA., Defendant.**

**Moshe RICHTER, Shlomo Richter, and Jonathan I. Ginsberg, Plaintiffs,**

v.

**COLONIAL NATIONAL BANK USA and Nationsbank of Delaware, N.A., Defendants.**

Nos. 95 Civ. 7677(CLB), 95 Civ. 7678(CLB).

United States District Court, S.D. New York.

Dec. 9, 1996.

*United States,* No. 91–3288, 1992 WL 74593, at *1 (8th Cir. Apr.15, 1992).

32

Daniel L. Kurz, Monsey, NY, for Plaintiffs.

Cynthia Gooen, Morrison & Foerster, New York City, for Defendants.

**BRIEANT, District Judge.**

By motions in these related cases, heard October 25, 1996, and fully submitted, defendant seeks partial summary judgment in its favor, under Rule 56 Fed.R.Civ.P., dismissing supplemental State law claims for allegedly deceptive business practices, in violation of New York General Business Law ("GBL") § 349 and Rockland County Local Law No. 11 § II(1) (1983). The federal claim supporting subject matter jurisdiction in each case is that the defendant Bank, which extended open-ended credit to the plaintiffs under their individual VISA and MasterCard charge accounts, did so without making the necessary disclosure required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(I), and Regulation Z of that Act, 12 C.F.R. § 226.2(a)(20).

Through their Amended Complaint, plaintiffs charge the defendant with failing to disclose: (1) its monthly finance charge; (2) the annual percentage rate (where the total finance charge exceeds $.50 per month); (3) an explanation of how the finance charge balance was computed; and (4) the date by which payment was to be made in order to avoid additional finance charges. [Amended Complaint, 12/29/95]. Plaintiffs allege that none of these requirements were met in the "STATEMENT" issued to plaintiffs each month. *Id.* at 4, ¶ 6. Further, plaintiffs allege that the phrases "FINANCE CHARGE" and "ANNUAL PERCENTAGE RATE" were unnoticeable because they were included next to other terms "just as conspicuous or more conspicuous than ... (those terms), by their placement, type-size, type-boldness, color, intensity, shade and contrast." *Id.* at 5–6, ¶¶ 6.2–6.3.

Plaintiffs seek to recover: (1) "a TILA penalty in the amount of the greater of $100 or twice the finance charges in connection with each account (up to $1,000) *for each occurrence of each violation.*" *Id.*, ¶ 10(a) (emphasis in original); (2) penalties for each plaintiff for statutory damages in the amount of $50 each; and (3) "costs of this action and a reasonable attorney's fee as determined by the court." *Id.* at 8, ¶ 10(c). As noted, the motion does not attack the federal question claims pleaded.

Defendant argues that the alleged violations of GBL § 349 and Rockland County Local Law No. 11 § II(1) should be dismissed, because the cardholder agreement between the parties was governed by Delaware, not New York, law. [*See* Defendant's Memorandum in Support of its Motion, 9/4/96]. As such,

> "when they used their accounts with Colonial and retained their cards, [p]laintiffs consented to the terms of the Cardholder Agreement. Therefore, Delaware law governs all matters related to their accounts and their use of the credit card."

*Id.* at 2.

Rule 56, Fed.R.Civ.P., provides that summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Here, it must be determined whether or not the Delaware choice of law provision compels dismissal of plaintiffs' supplemental New York State law claims.

Defendant relies on two New York State Supreme Court decisions which hold that where violations of TILA attempt "to piggy-back" claims for violations of state and local deceptive business practices laws where Delaware law applies to the cardholders' use of the card or the account, New York deceptive business practices laws are unavailable. *Miller v. Bank of New York,* Index No.

289/94 (N.Y.Sup.Ct., Rockland County, June 27, 1994) and *Shafran v. Bank of N.Y.,* Index No. 289/94 (N.Y. Sup.Ct., Rockland County, Sept. 26, 1994).

The motion is granted in each case. The Court declines to make the finding contemplated by Rule 54(b) Fed.R.Civ.P. Counsel shall complete all pretrial proceedings and appear for a final Case Management Conference on January 10, 1997 at 8:30 A.M.

SO ORDERED.